RAPPOLT v. BARING et al.

(Supreme Court, Appellate Division, First Department. June 24, 1910.)

DISCOVERY (§ 47*)—EXAMINATION BEFORE PLEADING—PARTIES.

Plaintiff sued for breach of contract by defendants as his stockbrokers and agents, "or for conversion or fraud and misrepresentation, as may appear." Defendants other than B. were members of the firm of stock brokers, and plaintiff shows that he delivered to B. $3,500, on an agreement that B. should manage a pool to deal in stocks, B. agreeing to protect plaintiff without calling on him for further funds, and to return the amount contributed and three-fourths of the profits; that B. subsequently reported that he had undertaken certain transactions with defendant firm, and had lost the capital, except $130.40 belonging to plaintiff, which he offered to return. It did not appear that plaintiff had any cause of action against defendants other than B., nor was it shown that any of the money delivered by plaintiff to B. was delivered to defendant firm, nor that they knew that B. represented plaintiff, or at the institution of the suit had any money belonging to him. Held, that an order requiring the members of the firm to submit to an examination preliminary to pleading, to enable plaintiff to frame his complaint, was erroneous.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 61; Dec. Dig. § 47.*]

Appeal from Special Term, New York County.

Action by Carl Rappolt against Charles Baring and others. From a Special Term order denying the motion of Howland Haggerty Pell and Charles A. Kittle to vacate an order for their examination to enable plaintiff to frame his complaint, they appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

J. Edward Murphy, for appellants.
John Saxton Sumner, for respondent.

LAUGHLIN, J. The plaintiff shows that he has brought this action to recover the sum of $3,369.40 for breach of contract on the part of the defendants as his stockbrokers and agents, "or for conver-

sion or fraud and misrepresentation, as may appear." The appellants are members of the stock brokerage firm of S. H. P. Pell & Co., and it is to be inferred, although it is not expressly shown, that the other defendants, with the exception of the defendant Baring, are also members of that firm. The plaintiff also shows that he delivered to the defendant Baring the sum of $3,500, on an agreement that Baring was to become manager of a pool, to which he also was to contribute, to deal in stocks for himself, the plaintiff, and others, and was to protect the plaintiff in any transactions entered into on account of the pool, without calling upon him for further funds, and was to return said sum of $3,500 and three-fourths of the profits thereon; that Baring subsequently reported to plaintiff that he had undertaken certain stock transactions with said firm as brokers, and called upon the plaintiff for additional funds, and thereafter reported that the funds deposited by the plaintiff, excepting the sum of $130.40, which he returned, had been lost.

The plaintiff claims that this information was erroneous, and that the funds deposited by Baring with said firm have not been lost; and he states in his affidavit that he desires to examine the appellants, "to ascertain whether or not all of the plaintiff's funds were deposited with them, what trades were made, and with whom, and the present state of the account." The plaintiff further shows that he has not this information, and he cannot frame his complaint without it, because he "does not know whether to frame his complaint on the theory of breach of contract, conversion, or fraud and misrepresentation." It does not appear that the plaintiff has any cause of action against the appellants. It is not shown that any of the money delivered by the plaintiff to Baring was delivered to the appellants, or to their firm; nor is it shown that appellants knew that Baring represents plaintiff, or that they now have any money belonging to him. The affidavit of the plaintiff, after setting forth the agreement between him and Baring, contains a statement as follows:

"Of all of which defendants * * * Howland Haggerty Pell and Charles A. Kittle * * * had full knowledge, and thereupon became brokers to carry on such transactions as might be directed by said Baring for the usual commissions allowed by the New York Stock Exchange" to be charged by its members.

This allegation is in the nature of a legal conclusion. No fact is stated with respect to the communication of the agreement to the appellants, or to their firm. It does appear that Baring opened an account with the firm, designated "Pool Account"; but, as already observed, it is not shown that any of the plaintiff's money went into that account. It is stated in the points of the respondent that Baring took an appeal from the order, but has not perfected it, and in the points of the appellants that he abandoned it. Doubtless the examination of Baring will develop the material facts, and thereafter it may be that the plaintiff will be entitled to examine the appellants.

The order should therefore be reversed, with $10 costs and disbursements, and motion granted, with $10 costs, but without prejudice to a renewal of the application for the examination of the appellants after the examination of Baring. All concur.